# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7709 | **DATE** | 3/11/2003 |
| **CASE TITLE** | Herman vs. Waste Management | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due

(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____

(4) ☐ Ruling/Hearing on ___ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on ___ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The defendant's motion to enforce the settlement agreement and the final judgment [271-1,2] is denied. The ERISA suit pending in the D.C. District Court may proceed with the reservations expressed in this opinion. It is so ordered.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 19 2003 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | | date mailed notice | |

U.S. DISTRICT COURT
CLERK

03 MAR 19 AM 8: 27

FILED-TO
07 03-03710
Date/time received in central Clerk's Office

mailing deputy initials

**DOCKETED**

MAR 1 9 2003

-----------------------------------------------------------x
                 :       **Master File No.**

**IN RE WASTE MANAGEMENT, INC.**    :       **NO. 97 C 7709**

**SECURITIES LITIGATION**          :

                 :       **Wayne R. Andersen**

-----------------------------------------------------------x    **District Judge**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of defendant Waste Management Holdings, Inc. (formerly known as Waste Management, Inc.), on behalf of itself and on behalf of individual defendants Dean Buntrock, Philip Rooney, and James Koenig (collectively the "defendants"), to enforce the settlement agreement and final judgment entered by this Court on September 17, 1999. The defendants ask this Court to enjoin William Harris and Reginald Howard from prosecuting a lawsuit they filed against the defendants in the United States District Court for the District of Columbia, case number 1:02-CV00618(GK). For the following reasons, the motion to enforce the settlement is denied.

### BACKGROUND

The underlying action before this Court is a class action securities suit in which this Court, on September 17, 1999, certified a class and gave final approval to a settlement in the amount of $220 million (the "Final Judgment and Order of Dismissal"). The bulk of the proceeds from the settlement have been distributed. As part of the settlement agreement, the moving defendants were released from any liability they might have had as a result of the misleading financial reports which ultimately led to the settled lawsuit.

283

The respondents to this motion, William Harris and Reginald Howard (collectively the "respondents"), are beneficiaries of a Waste Management employee pension plan. Waste Management Holdings, Inc. was the alleged sponsor of the pension plan and Buntrock, Rooney, and Koenig were alleged trustees of the plan. The plan held a substantial amount of stock in Waste Management and was, therefore, a member of the class of plaintiffs which brought and settled the suit before this Court. The respondents have sued the moving defendants under the provisions of the Employee Retirement Income Security Act ("ERISA") claiming that they breached their fiduciary duties to the pension plan and its beneficiaries by permitting the plan to invest in and retain Waste Management stock which the defendants knew to be improperly valued and also by voting, as trustees, the fund shares to accept the settlement ultimately approved by this Court. Respondents claim, with obvious concern, that the moving defendants should not have agreed to a settlement on behalf of the pension plan which released themselves as defendants in the securities class action. The moving defendants maintain that the pension plan documents empowered them to accept the settlement. Hence, they have filed their motion to enforce the settlement agreement and ask that we enjoin the prosecution of the ERISA suit in D.C. against them.

## ANALYSIS

Respondents correctly contend that the legal duties of fiduciaries of pension plans governed by ERISA may be different from the duties imposed upon corporate officers by federal securities laws. *See* 29 U.S.C. §§ 1104 (fiduciary duties of prudence and loyalty owed to plan beneficiaries) and 1106 (duty to not engage in transactions identified as "prohibited" in ERISA). In the absence of explicit language in the release and settlement order coupled with proper notice to the plan and its beneficiaries, a court must interpret and apply all the relevant terms of the pension plan in order

2

to determine whether a release from liability for securities law violations encompasses potential ERISA liability. In other words, the release of liability for a person for actions in one fiduciary capacity does not automatically release that same person for potential breaches in a different fiduciary capacity.

This Court could obviously undertake this analysis. We could determine whether the moving defendants, acting as fiduciaries of the pension plan, properly invested for the plan and whether they properly accepted the settlement which, coincidentally, released them from future liability associated with Waste Management's accounting difficulties. Such a determination by us, however, would not alleviate the D.C. court from making an independent determination because the time span of the D.C. suit exceeds that covered by the securities suit before this Court. The class period in the case before us concerned acquisition of Waste Management securities between November 3, 1994 and February 24, 1998. The D.C. ERISA suit involves acquisition of Waste Management shares from January 1, 1990 to January 1, 1999. Thus, the purchase of Waste Management stock from January 1, 1990 to November 2, 1994 and from February 25, 1998 to January 1, 1999 clearly fall outside the scope of the settlement language of the class action securities case. Thus, a review of the terms of the plan by this Court would necessarily have to be duplicated by the D.C. court and could lead to a contrary conclusion. Judicial economy would, therefore, be sacrificed without gaining the primary benefit of a judicial ruling – a single, final result.

While this Court will not enjoin the prosecution of any part of the suit in D.C., it is necessary to make an observation which may materially limit the scope of that suit. Because the approval of the settlement in the action pending here established with finality fair compensation for the plaintiff shareholders, the beneficiaries of the plan are estopped from seeking additional damages related to

3

the value of the stock for the time period covered by this lawsuit. Whether this restriction leaves sufficient basis for an action in D.C. is for that court to decide.

## CONCLUSION

For the foregoing reasons, the defendant's motion to enforce the settlement agreement and the final judgment [Docket Numbers 271-1 and 271-2] is denied. The ERISA suit pending in the D.C. District Court may proceed with the reservations expressed in this opinion.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: March 11, 2003